SHORES, Justice.
Plaintiff, Mark Porter, appeals from a summary judgment for the defendant, made final pursuant to Rule 54(b), A.R. Civ.P., in an action based on an alleged negligent inspection. We affirm.
Because we are reviewing a summary judgment, we will state the facts in the light most favorable to the appellant.
During the course of his employment with Central Publishing Company, Mark W. Porter received injuries to his hand and wrist. At the time of the jnjury, Porter *10 was operating a paper baler machine that had become jammed. As Porter attempted to free the material that had clogged the haler, the machine continued to operate, and Porter’s hand was crushed between the ram and the frame of the baler.
Royal Insurance Company provided property, general liability, and worker’s compensation coverage to Central. Prior to Porter’s accident, Mr. Donald Terry, a senior underwriting specialist with Royal, solicited Risk Consultants, an independent inspection firm, to perform a property and general liability survey of Central’s premises.
Generally, on a fire survey, the inspector would observe the operations performed by the business and look for fire and water damage exposure. On a general liability survey, he would look for activities or material that posed a hazard to the general public. This type of survey does not encompass an examination of the operations or equipment that pose a hazard to the workers. Such an inspection would be performed in a workmen’s compensation survey.
Risk Consultants reported that housekeeping was good throughout most of the building, but that a pile of material from the automatic paper trimmer presented a potential fire hazard. Also, the inspection noted Central’s failure to use a noncombustible hopper or waste bin having a fusible link self-closing lid for collecting the accumulations of waste trimmings that are discharged from the pneumatic tube. Regarding public liability, the report noted that there was no normal or routine nonem-ployee exposure to the premises. In other words, the general public was not allowed in the production or printing areas, only in the office area.
Following receipt of this inspection report, Donald Terry went to Central’s place of business in order to audit the report submitted by Risk Consultants. Terry took Risk Consultants’ report with him and compared the various items listed and outlined in the report with the actual conditions as they existed during the audit. Terry noted some discrepancies in the report, particularly, that the housekeeping was “deplorable,” that paper trimmings were over the entire warehouse area, and that newspapers were stacked to a height of 18 feet, rather than 6 to 8 feet as reported by Risk Consultants.
Subsequent to this inspection, a letter was sent to the agent who had issued the policy to Central. The agent was informed that if certain conditions were not corrected to Royal’s satisfaction, Central’s coverage would be cancelled.
Porter insists that this evidence reveals ■that Royal voluntarily performed a safety inspection of the machinery and equipment at Central. Porter argues that since any inspection of the premises necessarily required the observation of the machinery, then Royal must have performed a safety inspection of the equipment. We disagree.
All of the evidence, even when viewed in a light most favorable to Porter, indicates that the inspection performed on behalf of Royal was for the purpose of evaluating fire hazards and general liability. All of the curative requests referred to actions necessary for Central to complete in order to improve the conditions of its premises and become an acceptable risk.
This Court has consistently acknowledged that where the contract does not require it, an insurer is under no obligation to conduct a safety inspection of the insured’s premises. Pate v. United States Steel Corp., 393 So.2d 992 (Ala.1981). It is only where the insurer voluntarily undertakes such an inspection that the law requires that it be conducted with due care. Beasley v. MacDonald Eng’g Co., 287 Ala. 189, 249 So.2d 844 (1971).
There is no evidence to support the plaintiff’s allegation that Royal conducted a safety inspection. Indeed, Porter offers no evidence of what a safety inspection entails, or what actions taken by the inspectors in the instant case comport with a safety inspection. A safety inspection would necessitate more than a cursory view of the machinery that results from a fire inspection.
*11 Based on the foregoing, we hold that Porter failed to offer any evidence that Royal had voluntarily attempted to perform a safety inspection for purposes of evaluating worker safety, and that the trial court properly granted Royal’s motion for summary judgment. Therefore, the judgment appealed from is due to be affirmed.
AFFIRMED.
JONES, ADAMS, HOUSTON and STEAGALL, JJ., concur.